# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THEODIS BROWN, SR., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:22-cv-00276-SEP |
| RICO DEFENDANTS NAMED AND UNNAMED, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on consideration of several motions. As set forth below, Plaintiffs' Motion for Leave to Proceed *in forma pauperis*, Doc. [6], is granted; Plaintiffs' Motion to Annotate the Complaint, Doc. [5], is denied; Defendant Travelers Insurance Company's Motion to Dismiss, Doc. [8], is denied as moot; and the case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### LEGAL STANDARD

The Court must dismiss a complaint filed *in forma pauperis* if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must "accept as true the facts alleged, but not legal conclusions or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

The Court must give a pro se complaint the benefit of a liberal construction. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). A "liberal construction" means that "if the essence of an allegation is discernible . . . the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.'" *Id.* (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Liberal construction does not excuse pro se litigants from pleading facts sufficient to state a claim for relief, *Stone*, 364 F.3d at 914, or from following the

1

Court's Local Rules and the Federal Rules of Civil Procedure, *cf. Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002).

## PLAINTIFFS' FILINGS

Self-represented Plaintiffs Theodis Brown, Sr., and Gail Brown filed this civil action on March 8, 2022, alleging the wrongful death of their son. Doc. [1]. They identify the defendants as "rico defendants named [&] unnamed" and Travelers Insurance Company. *Id.* at 2. Plaintiffs allege that the Court possesses federal question jurisdiction under RSMo. § 537.090, and the Civil Rights Act of 1871. *Id.* at 3. The "Statement of Claim" asserts, in its entirety: "see attachment statement notice impending suit by parents of son dead wrongful death sudden death without coroners inquest 537.090 [RSMo]." *Id.* at 5.

Appended to the Complaint are a number of exhibits, which the Court has reviewed.[1] The exhibits include a billing statement from the Florissant Valley Fire Protection District; a letter from The Standard Fire Insurance Company, advising Plaintiff Theodis Brown that he must return a completed authorization and provider form to enable evaluation of his claim; a letter from Standard Fire requesting that Plaintiff complete a medical authorization form; an unsigned copy of a form authorizing release of medical records to Standard Fire; and an uncompleted medical treatment provider list. Doc. [1-1] at 2-7.

Also attached to the Complaint is an email from a Hotmail account with the username "theodis brown" to a Gmail account bearing the username "chief theodis brown" with the subject line, "notice of [an] impending wrongful death lawsuit under section 537.090[.]" *Id.* at 8. From these materials, the Court surmises that Plaintiffs' son was injured in a "hit [and] run car crash" in September 2021, transported to the hospital by first responders, and admitted to the intensive care unit as an "unknown person," where he was "put on life support." *Id.* Plaintiffs allege that, on November 20, 2021, "the staff [at the hospital] . . . decided to take [their son] off" life support "without parent[al] consent or knowledge[.]" *Id.* Based on the facts surrounding their son's "sudden death," Plaintiffs suspect "foul play." *Id.*

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"); *see also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) ("while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); *Pratt v. Corr. Corp. of Am.*, 124 F. App'x 465, 466 (8th Cir. 2005) ("the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

2

Plaintiffs allege that, due to their son's death, they have lost income from his SSI check and have incurred thousands of dollars in medical and funeral expenses. *Id.* Plaintiffs seek $10 million in damages. Doc. [1] at 4.

On March 15, 2022, Plaintiffs filed a document entitled "Pro se litigant plaintiff candidate for county prosecutor 2022." Doc. [3] at 1. The Court does not comprehend the purpose of the document, which states that Plaintiff Theodis Brown is a former St. Louis police officer who has been "elected county township committeeman," and wants to take the Missouri or California bar exam. *Id.* at 1. Plaintiffs resubmitted the same document on March 18, 2022. Doc. [4].

On March 23, 2022, Plaintiffs filed a "pro se litigant motion to annotate" the counts in their Complaint. Doc. [5] at 1. Specifically, Plaintiff Theodis Brown moved to "list his petition in counts as follow[:] count 1 wrongful death; count 2 medical malpractice[;] count 3 personal injury[;] count 4 [RICO] act[;] count [5] false claim act etc[.]" *Id.*

On May 19, 2022, counsel for Travelers entered and moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs have not alleged sufficient facts to state a claim against Travelers. Docs. [7], [8].

## DISCUSSION

Plaintiffs have moved to proceed *in forma pauperis.* Doc. [6]. On review of the motion, the Court grants Plaintiffs' request. *See* 28 U.S.C. § 1915. Because they are proceeding in forma pauperis, the Court has reviewed the Complaint pursuant to 28 U.S.C. § 1915 and finds that it does not plead sufficient factual allegations to support a claim for relief. *Id.* § 1915(e)(2)(B).

**I.      The Complaint fails to state a claim for relief.**

In the "Basis of Jurisdiction" section, the Complaint suggests that this suit falls within the Court's federal question jurisdiction: "537.090 rsmo section 1983 of federal 1871 civil rights acts law personal injury wrongful death suit by parents of son[.]" Doc. [1] at 3. RSMo § 537.090 is a state statute providing that damages in a wrongful death action are to be determined by a jury. Nothing in the statute implicates a federal law, a federal treaty, a federal constitutional right, a federal official, or a federal agency. Thus, it does not support federal question jurisdiction.

From the reference to the Civil Rights Act of 1871, it appears that plaintiffs are attempting to bring a 42 U.S.C. § 1983 claim. A claim brought pursuant to § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015). Therefore, the Court construes Plaintiffs' claim as arising under 42 U.S.C. § 1983. *See Solomon*, 795 F.3d at 787.

3

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). A person "acts under color of law when he 'exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (quoting *Johnson v. Phillips*, 664 F.3d 232, 239-40 (8th Cir. 2011)).

Plaintiffs here do not allege that Defendants violated any right protected by federal law; nor do they allege that Defendants took any action "made possible only because [they were] clothed with the authority of state law." *Id.*; *see* Docs. [1] at 5, [1-1] at 1-8; *see also Wahlers v. Nathaniel Hendren*, 2020 WL 1934992, at *1 (E.D. Mo. April 22, 2020) (dismissing a § 1983 claim because the complaint lacked facts showing that defendant acted under color of state law). Therefore, the Complaint fails to plead a viable § 1983 claim.

To the extent Plaintiffs plead causes of action under state law, the Court declines to exercise supplemental jurisdiction.[2] *See Magee v. Hamline Univ.*, 1 F. Supp. 3d 967, 977 (D. Minn. 2014).

## II.     The motion to annotate the Complaint is denied.

Interpreting Plaintiffs' "motion to annotate" as an attempt to amend or supplement the original Complaint does not save Plaintiff's claims. If it were an attempt to file an amended complaint, it would completely supersede the original Complaint. *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). In that case, Plaintiffs' amended complaint would contain no factual allegations and would necessarily fail under Rule 12(b)(6). *See* Doc. [5] at 1. And if it were an attempt to supplement the Complaint, it would be improper and ineffective. *See Goins v. Russell*, 2014 WL 2095336, at *2 (E.D. Mo. May 20, 2014) (rejecting a pro se plaintiff's attempt to "supplement his complaint on a piecemeal basis," because "[a]ll claims in an action must be included in one, centralized complaint form[.]").

## III.    Travelers' motion to dismiss is denied as moot.

Because the Court determines on § 1915(e)(2) review that the Complaint must be dismissed for failure to state a claim, Travelers' motion to dismiss is moot.

---

[2] The Complaint fails to plead diversity jurisdiction because it lacks allegations of the citizenship of Defendant Travelers Insurance Company and the identities and citizenship of the "named and unnamed" Defendants. *See* Doc. [1] at 1-4; *see Hall v. Glaxosmithkline, LLC*, 706 F. Supp. 2d 947, 949 (E.D. Mo. 2010) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.") (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)).

4

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Proceed *in forma pauperis*, Doc. [6], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint, Doc. [1], is **DISMISSED** without prejudice. A separate order of dismissal shall be filed herewith.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Annotate the Complaint, Doc. [5], is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant Travelers Insurance Company's Motion to Dismiss, Doc. [8], is **DENIED as moot**.

Dated this 12th day of September, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE