**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THEODIS BROWN, SR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Case No. 4:22-cv-00276-SEP |
| RICO DEFENDANTS NAMED | ) | |
| AND UNNAMED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are pro se Plaintiffs' Motion to Reopen, Doc. [25], Motions to Compel, Docs. [26], [29], [38], Motion to Strike, Doc. [30], and second Motion to Proceed Without Prepayment of Fees and Costs, Doc. [34]. For the reasons set forth below, the motions are denied.

BACKGROUND

On September 12, 2022, the Court dismissed this wrongful death action because the Complaint did not plead sufficient factual allegations to support a claim for relief. Doc. [12] (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). The Court later denied Plaintiffs' Motion for Reconsideration, Doc. [14], for failure to point to any manifest error of law or fact, identify any newly discovered evidence, or present any other reason justifying relief under Federal Rules of Civil Procedure 59 and 60. Doc. [15]. Plaintiffs appealed, Doc. [17], and the United States Court of Appeals for the Eighth Circuit summarily affirmed. Doc. [22]. Since September 3, 2025, Plaintiffs have lodged 11 filings with the Court, including the six motions at issue.

DISCUSSION

None of Plaintiffs' motions has merit. From what the Court can discern, Plaintiffs appear to generally reallege claims from their now-dismissed wrongful death action. *See, e.g.*, Doc. [25] at 15 ("unethical renegade nurse Alicia 2nd floor icu who ploted murder"); Doc. [26] at 2 ("son murdered ICU by wrongdoers illegal hate group membership on brown family"); Doc. [29] at 14 ("denied nutritional item like feeding tube took out on Aug 6th . .. air supply stopped to let her die"). And they appear to seek relief that is foreclosed by the case's procedural posture. *See, e.g.*, Doc. [29] at 4 ("Motion to compel Rico jury trial and judge issue contempt of courts order

1

us marshal fbi arrest hate crime member[s]"); Doc. [30] at 1 ("motion to strike defendants and rico actors sham pleading").  Though Plaintiffs invoke Federal Rules of Civil Procedure 42 and 37 in two of their motions, Docs. [25] at 3, [26] at 2, neither rule authorizes relief from a final judgment.  Rule 42 governs consolidation and separate trials of pending actions, and Rule 37 governs discovery sanctions.  Consolidation and discovery are not at issue where, as here, the action was dismissed, Doc. [12], the Court denied Plaintiffs' motion for consideration, Doc. [14], and the Eighth Circuit affirmed, Doc. [22].

Liberally construing pro se filings as it must, *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015), the Court reads Plaintiffs' motions as seeking relief from a final judgment under Federal Rule of Civil Procedure 60(b).  Even thus understood, the motions warrant denial as untimely and meritless.  Motions under Rule 60(b)(1), (2), and (3) must be filed "no more than a year after the entry of the judgment," and motions under any Rule 60(b) subsection must be filed "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Plaintiffs have moved to reopen nearly three years after the Court entered judgment, well outside the one-year limit and beyond any time frame that might be considered reasonable.  And Plaintiffs fail to allege mistake, fraud, or any other ground for relief enumerated in Rule 60.  Regardless, the submissions do not cure the deficiency that required dismissal:  Plaintiffs' 42 U.S.C. § 1983 claim failed because they alleged no facts showing that any defendant acted under color of state law.  *See* Doc. [12] at 4.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Reopen, Doc. [25], is **DENIED**.

**IT IS FURTHER ORDERED** that the remaining motions, Docs. [26], [29], [30], [34], [38] are **DENIED** as moot.

Dated this 12th day of June, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2